U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 JUL -1 PM 12: 13

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANDREW BOYENS,      CIVIL ACTION NO. 2:20-cv-93
   Plaintiff,
   v.

THE STATE OF VERMONT by and through its DEPARTMENTS OF PUBLIC SAFETY,
   and HUMAN RESOURCES,
   Defendants.

## I. COMPLAINT AND JURY DEMAND

Plaintiff, by and through his undersigned counsel, hereby complains against the above-named defendants, and asserts the following allegations in their totality and in their alternatives.

## II. NATURE OF CLAIM

This is an unlawful discrimination claim on the basis of plaintiff's qualifying disabilities for the acts and omissions of the above named defendants against plaintiff Andrew Boyens ("plaintiff" or "Boyens") in violation of the Americans with Disabilities Act (ADA) as well as the Vermont Fair Employment Practices Act ("VFEPA") and the common law. On September 17, 2017, Boyens was discharged by defendant Department of Public Safety ("DPS") allegedly due to his inability to continue to perform an essential function, that being capacity to perform overtime shifts, of his duties as a Public Safety Answering Point (PSAP) Emergency Communications Dispatcher 1 (Dispatcher), a position in which he was successfully employed since April 20, 2004. Defendants DPS and the Department of Human Resources (DHR) both asserted that it was then, and remains to the present, an essential job duty for dispatchers to be available to work extra shifts as needed. Plaintiff was unable to do so due to his medical restrictions stemming from his ADA qualifying disability, severe psoriatic arthritis. Defendants make this assertion notwithstanding its practice of procuring temporary or contracted workers to

1

perform the dispatch duties as well as other dispatcher incumbents to which to assign overtime shifts.

## III. JURISDICTION AND VENUE

1. Jurisdiction is available over this action under 28 U.S.C. § 1331, since plaintiff has alleged a violation arising under federal law.

2. Pendant State statutory and common law claims are brought in this action under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(a)(2), since the events giving rise to Plaintiff's claims occurred here in the District of Vermont.

4. Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 12117(a) of the ADA which incorporates by reference 42 U.S.C. § 2000e-5(f)(1)(A) of Title VII and has obtained the requisite Right to Sue Notice, Appendix A.

## IV. PARTIES

5. Plaintiff Andrew Boyens is currently, and at all time pertinent to this matter, a resident of Springfield, Windsor County, Vermont. As noted above, Boyens was employed by the State of Vermont as a PSAP Dispatcher I from April 20, 2004 through his dismissal, from that position on September 17, 2017. After being unemployed for nearly two years, consistent with its medical reduction in force policies and practices, on April 29, 2019 the SOV placed plaintiff in an administrative assistant B position at the Southern State Correctional Facility in Springfield VT where his medical restrictions have been respected and he has successfully performed his job duties

6. The State of Vermont and its various departments and offices named herein as defendants are each a "covered entity" as that term is defined in the ADA, see 42 U.S.C. § 12111 (2) and an "employer" as that term is defined in 42 U.S.C. § 12111 (5)(A) in that it has more than fifteen persons employed "for each working day in each of 20 or more calendar weeks" in every calendar year pertinent to this matter." In addition, State of Vermont (SOV) and its subordinate departments and offices are proper defendants under the Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. §§ 495 *et seq.* as SOV employs more than one person, see 21 V.S.A. § 495d(1)

7. Defendant Department of Public Safety (DPS) is a department of the Executive Branch of the government of the State of Vermont pursuant to 3 V.S.A. § 312 (18).

8. Defendant Department Human Resources (DHR) which is a department of the Agency of Administration of the Executive Branch of the government of the State of Vermont. Pursuant to 3 V.S.A. § 309.

9. The Treasure of Vermont is a constitutional office charged by state law, 3 V.S.A. §§ 455 *et seq.* to administer the Vermont State Employees Retirement System (VSERS) which includes the operations of VSERS Board of Directors and its Medical Review Board.

## V. FACTS

10. As stated *infra,* plaintiff successfully discharged the duties of his position, a Public Safety Answering Point (PSAP) Emergency Communication Dispatcher 1 (Dispatcher), from his date of hire on April 20, 2004 until he was discharged on September 17, 2017 by defendant Department of Public Safety (DPS) after it consulted with the so-called Reasonable Accommodation Committee (RAC), a component of defendant Department of Human Resources (DHR).

3

11. Plaintiff received nothing but positive performance reviews during his tenure with SOV. Further, he was not the recipient of any disciplinary actions.

12. The reason stated by defendants DPS and DHR for their decision to terminate plaintiff from his continued employment was their assertion that plaintiff could not continue to perform what they asserted to be an essential job function, that being capacity to perform overtime shifts, as mandated.

13. Plaintiff was diagnosed in March 2006 with a physical disability in 2006, psoriatic arthritis which limits several major life activities most particularly tolerating sitting for extended periods of time without increasing stiffness and fatigue.

14. Plaintiff promptly informed his employer, DPS, and supplied medical documentation from his treating physician that plaintiff could not sit for more than a normal eight hour shift due to increased joint stiffness and pain from remaining in a sitting position for any extended period of time.

15. In January 2007, plaintiff requested reasonable accommodation for his medical limitation which his medical provider stated is progressive in nature and for which there is no known effective treatment.

16. DPS granted plaintiff's request to limit his work schedule to working no more than eight hours per day, and no more than forty hours per week. With the reasonable accommodation request fulfilled, plaintiff discharged his job duties for approximately ten years with no issues.

17. As some point during plaintiff's tenure with DPS, in or around, defendant DHR amended the job specifications of the Emergency Communication Dispatcher to give defendant DPS the discretion to assign mandatory overtime to dispatchers. The amended job

specifications now read "based on needs of department, mandatory overtime may be necessary."

18. Defendant DPS did not request or require plaintiff to work overtime until sometime in 2016 or 2017 after SOV through its DPS decided to close two of its four PSAP operations center. This politically sensitive consolidation was effectuated as a budget cutting measure.

19. Plaintiff again requested reasonable accommodation in March 2017 which again requested that he not be assigned overtime shifts or extended hours consistent with his updated supporting documentation provided by his treating physician.

20. Plaintiff's renewed reasonable accommodation request was referred to defendant DHR's RAC. In June 2017, plaintiff received written notification from DHR that his request for reasonable accommodation was denied alleging that plaintiff was not a qualified individual with a disability as he could not perform what it now termed to be an essential job function; that is, the ability to work overtime as required, or words to that effect.

21. On September 19, 2017, plaintiff received via email and later a certified letter from then DPS Commissioner Thomas Anderson "… to notify you of the decision to separate you from State service at this time. This separation will be effective September 18, 2017," the preceding day.

22. Defendants asserted an "undue burden" defense in the administrative process that preceded this filing.

23. However, even after the PSAP consolidation, defendants DPS and DHR continued to authorize the use of contracted "spares" to cover PSAP overtime shifts and that this practice continues to the present time.

## COUNT 1

<u>Violation of Title I of the Americans Disability Act "ADA" 42 U.S.C. § 12112, *et seq.*</u>

24. Plaintiff hereby incorporates paragraphs 1 through 23 by reference.

25. Plaintiff alleges that as a first cause of action in violation of Title I of the ADA, defendants unlawfully discriminated against plaintiff by their failure to provide the requested reasonable accommodation which would not create an undue burden for defendants.

26. In violation of Title I of the ADA, defendants discriminated against plaintiff when defendants terminated plaintiff's employment.

## COUNT II

<u>Violation of Section 504 of the Vocational Rehabilitation Act of 1973</u>

27. Plaintiff hereby incorporates paragraphs 1 through 26 by reference.

28. Upon information and belief, defendants are recipients of federal funds of various types and amounts. Therefore, defendants are subject to the provisions of Section 504 of the Vocational Rehabilitation Act of 1973.

29. Section 504 prohibits discrimination in employment by recipients of federal funds, see 29 U.S.C. § 791(a): "No otherwise qualified individual with a disability ... shall be subjected to discrimination under any program or activity receiving Federal financial assistance."

## COUNT III

### Violation of Vermont's Fair Employment Practices Act

30. Plaintiff hereby incorporates paragraphs 1 through 29 by reference.

31. Plaintiff alleges that as a third cause of action that in violation of VFEPA, defendants unlawfully discriminated against plaintiff by their failure to provide the requested reasonable accommodation which would not create an undue burden for defendants.

32. In violation of VFEPA, defendants discriminated against plaintiff when defendants terminated plaintiff's employment.

## COUNT IV

### Negligent Infliction of Emotional Distress

33. The Plaintiff hereby incorporates paragraphs 1 through 32 by reference.

**34.** Defendants' actions subjected the plaintiff to reasonable fear of immediate personal injury and he in fact did suffer extreme emotional distress, exacerbation of his underlying qualifying disability as well as substantial financial hardship.

### RELIEF

Plaintiff requests the following:

Compensatory and punitive damages in an amount deemed appropriate:

Issue a judgment that the actions of defendants described herein are unlawful and violate plaintiff's rights under the federal and state statutory la w and the common law of the State of Vermont;

Award plaintiff damages adequate to compensate for the loss of income, pain and suffering, including emotional distress, and loss of dignity and injury to reputation stemming from the violations of his rights as stated in this complaint as well as punitive damages;

Grant such other relief as the Court considers just and proper.

ANDREW BOYENS

By: _____

Attorney for plaintiff

Robert Appel, Attorney at Law, PLC
64 Prindle Rd., #3
Charlotte VT 05445
Tel: (802) 595-1544
robert@robertappellaw.com