UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANDREW BOYENS,
Plaintiff,
v.
THOMAS ANDERSON, THOMAS HANGO, and JOHN BERARD,
Defendants.

Case No. 2:20-cv-93

**OPINION AND ORDER**

Plaintiff Andrew Boyens brings this action claiming he was discharged from his job in violation of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Rehabilitation Act), and the Vermont Fair Employment Practices Act (VFEPA). He also brings a common law tort claim for negligent infliction of emotional distress. Boyens is suing Defendants Thomas Anderson, Thomas Hango, and John Berard in their individual capacities.

Before the Court is Defendants' motion to dismiss, in which they argue that the ADA and the Rehabilitation Act do not authorize discrimination claims against defendants in their individual capacities. Defendants further contend that the Court should dismiss Boyens' state law claims for lack of subject matter jurisdiction. For the reasons set forth below,

the motion to dismiss (ECF No. 16) is **granted**, and the Amended Complaint is dismissed without prejudice.

**Factual Background**

The Amended Complaint alleges that Boyens worked for the Vermont Department of Public Safety (DPS) as a Public Safety Answering Point Emergency Communication Dispatcher from April 20, 2004 through the date of his discharge on September 17, 2017. In March 2006 he was diagnosed with psoriatic arthritis, which reportedly limits his ability to sit for extended periods of time without stiffness and fatigue. Upon his diagnosis, Boyens informed DPS and provided documentation from his treating physician confirming that he could not sit for more than an eight-hour shift.

In January 2007, Boyens requested a reasonable accommodation. DPS initially granted his request, limiting his workday to eight hours and his work week to no more than 40 hours. Boyens claims that DPS subsequently revoked his accommodation and amended the dispatcher job description to require overtime work as necessary. Boyens was informed of the revocation by Defendant Hango.

In March 2017, Boyens again requested an accommodation. The request was referred to Defendant Berard. In June 2017, Boyens received a letter informing him that his request was denied, and that his medical condition prevented him from

performing the duties of his job with or without reasonable accommodation. On September 19, 2017, Boyens received an email from Defendant Anderson, the DPS Commissioner, informing him of his termination effective the preceding day. The stated reason for the termination was Boyens' inability to work overtime.

The Amended Complaint brings four causes of action: (1) employment discrimination in violation of the ADA; (2) employment discrimination in violation of the Rehabilitation Act; (3) employment discrimination in violation of the VFEPA; and (4) negligent infliction of emotional distress. Defendants now move to dismiss the federal claims as improperly brought against them in their individual capacities, and the state law claims for lack of subject matter jurisdiction.

## Discussion

### I. Motion to Dismiss Standard

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A facially plausible claim must plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted. When deciding Rule 12(b)(1) and 12(b)(6) motions, the Court must draw all reasonable inferences in the plaintiff's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013); *NRDC v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted).

## II. Individual Liability Under Federal Statutes

Boyens' first two causes of action are brought under federal anti-discrimination statutes: the ADA and the Rehabilitation Act. Title I of the ADA makes it unlawful for an employer to discriminate against a "qualified individual" on the basis of a disability. 42 U.S.C. § 12112(a). For purposes of discrimination claims under the ADA, the term "employer" does not include individuals sued in their personal capacities. *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 265 (E.D.N.Y. 2013) ("the Court agrees with those courts in this Circuit that have held that there is no individual liability for employment discrimination under the ADA"); *Cusack v. Delphi Corp.*, 686 F. Supp. 2d 254, 257 (W.D.N.Y. 2010) ("It is well settled that individuals are not 'employers' for purposes of the ADA, and thus are not subject to liability in their personal capacities under the ADA."); *see also Corr v. MTA Long Island*

*Bus*, 199 F.3d 1321 (2d Cir. 1999) (unpublished disposition) (affirming district court's conclusion that "there is no right of recovery against individual defendants under the ADA"). Similarly, individuals cannot be held liable in their personal capacities under the Rehabilitation Act. *Cohn v. KeySpan Corp.*, 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act"); *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999) ("the court holds that the Individual Defendants may not be held personally liable under either the ADA or the Rehabilitation Act").

In response to Defendants' contention that there is no personal liability under either the ADA or the Rehabilitation Act, Boyens concedes the "the general premise may be accurate." ECF No. 17 at 2. He nonetheless argues that there is individual liability because his factual allegations "remove[]" Defendants from the protections of the Vermont Tort Claims Act. That argument is misplaced. As the name indicates, the Vermont Tort Claims Act applies to tort claims brought under state law, and has no impact on claims brought under federal anti-discrimination statutes. *See Kennery v. State*, 2011 VT 121, ¶ 26, 191 Vt. 44, 59, 38 A.3d 35, 44 (2011) ("the primary purpose of the VTCA is to waive sovereign immunity for recognized causes of action, particularly for common law torts"). Boyens' claims

under the ADA and the Rehabilitation Act are therefore **dismissed.**

**III. Diversity Jurisdiction**

In addition to jurisdiction by virtue of the ADA and Rehabilitation Act claims, Boyens claims federal jurisdiction on the basis of diversity of citizenship. Specifically, he submits that Defendant Anderson no longer lives in Vermont. He offers no information about the other two Defendants. The Amended Complaint alleges that Defendant Berard is still employed by the State of Vermont. ECF No. 11 at 3-4, ¶ 9. Boyens is a Vermont resident. *Id.* at 2, ¶ 5.

Diversity jurisdiction exists when the plaintiff is a citizen in one state, and no defendants are citizens of that same state. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."); 28 U.S.C. § 1332. The party asserting diversity jurisdiction has the burden to prove such jurisdiction. *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118. Here, Boyens has failed to show that diversity of citizenship is complete. He claims only that Defendant Anderson

lives outside of Vermont, while he himself is a Vermont citizen. Without a showing of complete diversity among Plaintiff and the three Defendants, the Court has no basis for finding jurisdiction based upon diversity of citizenship.

**IV. Supplemental Jurisdiction**

Boyens also asks the Court to assert supplemental jurisdiction over his state law claims. Supplemental jurisdiction is governed by 28 U.S.C. § 1367. Subsection (c) of the statute provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

"[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018). "If one of the § 1367(c) categories applies, the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction." *Id.* "[A] district court should not decline to exercise supplemental

jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity." *Id.* That said, in the "usual case" where "all federal law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the Court is dismissing Boyens' ADA and the Rehabilitation Act claims, which are the only claims over which it has original jurisdiction. His remaining claims arise under state law. Accordingly, the third factor under Section 1367(c) is satisfied. Furthermore, as noted by Defendants, Boyens' negligent infliction of emotional distress claim presents a novel issue of state law, since Vermont has not recognized such a claim in the absence of physical harm. *See, e.g., Vincent v. DeVries*, 2013 VT 34, ¶ 25, 193 Vt. 574, 588, 72 A.3d 886, 897 (2013) ("[a}ssuming without deciding that Vermont law follows the modern trend of allowing damages under certain circumstances for serious emotional distress in legal malpractice"). The comity factor thus weighs in Defendants' favor. Finally, because this case is in the earliest stages and will likely be re-filed in state court, interests of economy, fairness, and convenience do not weigh against dismissal.

The Court therefore declines to exercise supplemental jurisdiction, and instead dismisses Boyens' state law claims without prejudice.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss the Amended Complaint (ECF No. 16) is **granted**, and this case is dismissed without prejudice to appropriate re-filing in state court.

DATED at Burlington, in the District of Vermont, this 30th day of November, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge